IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

BRENT HUFFMAN                                                                  PLAINTIFF

v.                         Lead Case: Civil Action No. 3:13-cv-734-TSL-JCG

K.C. TRANSPORT, LLC; JOHN
ANDERSON, individually; and
JOHN DOES 1-3                                                                DEFENDANTS

*consolidated with*

CINDY THAMES and
KATHRYN ERRINGTON, a minor,
by and trhough her PARENT and
NATURAL GUARDIAN, CINDY THAMES                           PLAINTIFFS

v.

                                       Civil Action No. 3:13-cv-301-TSL-JCG

K.C. TRANSPORT, LLC; JOHN
ANDERSON, individually; and
JOHN DOES 1-3                                                                DEFENDANTS

**ORDER GRANTING PLAINTIFFS' MOTION [73] TO COMPEL AND
GRANTING PLAINTIFFS' MOTION [74] FOR PROTECTIVE ORDER**

BEFORE THE COURT are Plaintiffs' Motion [73] to Compel and Motion [74] for Protective Order.  Defendants K.C. Transport, LLC and John Anderson have filed Responses [75, 76].  Having considered the parties' submissions, the record, and relevant legal authority, the Court finds that Plaintiffs' Motions should be granted.

I.  ANALYSIS

Plaintiffs recently learned that Defendants have surveillance videos of

Plaintiffs. At a deposition of Plaintiff Brent Huffman on September 24, 2014, Huffman was presented with surveillance video of himself, which Defendants submit "was irreconcilable with his prior deposition testimony regarding his physical limitations and activities." Defs.' Resp. [75] 2. Although Plaintiffs' specifically requested "surveillance movies, tapes, photographs, etc." in a discovery request, the surveillance videos have not been furnished. Defendants submit that they should not be required to produce the surveillance videos at this time because: (1) video surveillance is work product; (2) if Defendants intend to use the surveillance videos at trial, they would only be required to produce them after the Plaintiffs have been deposed; and (3) if Defendants do not intend to use the surveillance videos at trial, they are not required to produce them. *Id.* at 2.

Defendants acknowledge precedent from the Fifth Circuit Court of Appeals that addresses the withholding of surveillance tapes in personal injury cases. *Chiasson v. Zapata Gulf Marine Corp.,* 988 F.2d 513 (5th Cir. 1993). In *Chiasson,* the Fifth Circuit vacated a jury verdict and remanded for a new trial where the trial court allowed into evidence a surveillance tape of a personal injury plaintiff performing day-to-day activities where that surveillance tape had not been produced during discovery. The defendant in *Chiasson,* like Defendants here, argued that the tape was work product. *Id.* at 514. The Fifth Circuit in *Chiasson* found that the severity of the plaintiff's injuries was among the key issues for the jury to decide. It held that evidence, like the surveillance tape,

tending to prove or disprove such injuries must be considered substantive and should have been disclosed during discovery, regardless of whether it was also impeachment evidence. *Id.* at 516-17. The Fifth Circuit in *Chiasson* also noted that "[t]he federal rules promote broad discovery so that all relevant evidence is disclosed as early as possible, making a trial 'less a game of blind man's bluff and more a fair contest.'" *Id.* at 517 (quoting *United States v. Procter & Gamble Co.,* 356 U.S. 677, 682 (1958)).

Defendants maintain that *Chiasson* does not require that surveillance tapes be produced prior to a deposition but only that they be produced prior to trial and only then, if the defendant chooses to use the tapes at trial. However, in *Mason v. T.K. Stanley, Inc.,* this Court rejected such arguments and quashed the deposition of a witness who was confronted with surreptitious recordings of himself during his deposition. 229 F.R.D. 533, 537 (S.D. Miss. 2005). The Court compelled the opposing party to produce the recordings and held that the deposition would not go forward until the recordings had been produced. *Id.* In addition to concluding that the recordings were substantive evidence, the Court in *Mason* based its decision on concerns of fundamental fairness, finding that an opposite ruling would violate the spirit of *Chiasson*.

Finding no meaningful distinction between this case and *Mason,* the Court concludes that Plaintiffs' Motion [73] to Compel and Motion [74] for Protective Order should be granted. Defendants must produce all surveillance videos,

tapes, or photographs, depicting Plaintiffs to Plaintiffs' counsel **on or before October 1, 2014**. Further depositions noticed by Defendants, including those scheduled for September 30, 2014, and October 2, 2014, are quashed until the surveillance videos, tapes, or photographs have been produced.

## II.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiffs' Motion [73] to Compel is **GRANTED**. Defendants must produce all surveillance videos, tapes, or photographs depicting Plaintiffs to Plaintiffs' counsel **on or before October 1, 2014**. With this disclosure, Defendants are to provide the names of all persons who filmed or took the surveillance. Defendants are also ordered to supplement their discovery responses with information regarding surveillance videos, tapes, or photographs depicting Plaintiffs.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiffs' Motion [74] for Protective Order is **GRANTED**. Further depositions noticed by Defendants, including those scheduled for September 30, 2014, and October 2, 2014, are quashed until Defendants have produced the surveillance discovery discussed herein.

**SO ORDERED AND ADJUDGED**, this the 29th day of September, 2014.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE